**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **DALE HANCOCK,** | ) | CASE NO. 1:26 CV 2110 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE MICHAEL J. HENDERSHOT |
| | ) | |
| **METROHEALTH HOSPITAL** | ) | |
| **AT CUYAHOGA COUNTY JAIL,** | ) | |
| | ) | **MEMORANDUM OPINION** |
| Defendant. | ) | **AND ORDER** |

*Pro se* plaintiff Dale Hancock, a prisoner currently incarcerated at Lorain Correctional Institution, filed this civil rights complaint against MetroHealth Hospital at Cuyahoga County Jail. [R.1]. Plaintiff also filed an application to proceed *in forma pauperis*. [R.2]. The Court grants that application.

## BACKGROUND

On or about May 15, 2026, a doctor evaluated Hancock for any medical concerns Hancock had. Hancock advised the doctor about a rash on his face, arms, legs, and body. He received a lotion (Ammonia Lactate) to treat the rash. Hancock says that three days later, he developed boils on his face and neck. Thereafter, Nurse Doss advised Hancock to discontinue use of the lotion, and she prescribed Hydrocortisone cream and pain medication to treat his skin condition. Hancock claims that he ran out and "had to suffer with no cream or pain medication." [R.1 at #4]. Hancock

states that he filed "grievance after grievance" and was told that he would be evaluated but was not told when. [*Id.*].

For relief, Hancock requests monetary damages for each day he was in pain with no treatment. He also requests to be treated by a dermatologist for the skin condition.

## STANDARD OF REVIEW

Courts liberally construe *pro se* pleadings. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The district court, however, must dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if the Court determines it "is frivolous or malicious," it "fails to state a claim upon which relief can be granted," or it "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). A claim is frivolous if it "lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim for relief if it fails to satisfy the pleading standard outlined in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). *Hill*, 630 F.3d at 470-71. To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Id.* at 677-78 (quoting Fed. R. Civ. P. 8(a)(2)). The factual allegations in the pleading must be sufficient "to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Twombly*, 550 U.S. at 555 (citations omitted). The plaintiff does not need to include detailed factual allegations, but she "must provide more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple "'recitation of the elements

of a cause of action'" will not meet this pleading standard. *Id.* (quoting *Twombly*, 550 U.S. at 555). The Court is """not bound to accept as true a legal conclusion couched as a factual allegation."'" *Id.* at 679 (quoting *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986))).

In reviewing a complaint, "the court must construe [the pleading] in the light most favorable to the plaintiff." *Thompson v. Bank of America, N.A.*, 773 F.3d 741, 750 (6th Cir. 2014).

**DISCUSSION**

Upon review, the Court finds Hancock's complaint warrants summary dismissal because it is duplicative. The complaint filed in this case is nearly identical to a complaint previously filed in this district court. In each complaint, Hancock alleges that in May 2026, MetroHealth failed to provide adequate medical treatment for a skin condition that persisted after his medication ran out. *Compare* Compl. *Hancock v. MetroHealth*, No. 1:26-cv-1489 (N.D. Ohio June 30, 2026), with [R.1]. Under Sixth Circuit precedent, district courts may dismiss duplicative actions as frivolous under Section 1915(e). *See, e.g.*, *Belser v. Washington*, No. 16-2634, 2017 WL 5664908, at *2 (6th Cir. Sept. 13, 2017) (collecting cases); *Peoples v. Reno*, No. 00-1086, 2000 WL 1477502, at *1 (6th Cir. Sept. 26, 2000); *see also Cummings v. Mason*, No. 1:11-cv-649, 2011 WL 2745937, at *1 (W.D. Mich. July 13, 2011). The Court therefore dismisses Hancock's duplicative complaint as frivolous.

**CONCLUSION**

Accordingly, the Court dismisses this action pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court certifies, under 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

Dated: October 5, 2026

*s/Michael J. Hendershot*

**HONORABLE MICHAEL J. HENDERSHOT**
**UNITED STATES DISTRICT COURT**